IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COREY OVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-cv-706-JTA |
| | ) | |
| KILOLO KIJAKAZI, | ) | (WO) |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pursuant to 42 U.S.C. § 405(g), the claimant, Corey Overton, brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 14.)[1]  The Commissioner denied Overton's claim for supplemental security income ("SSI"). (*Id.*) The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 9, 10.)

Based upon review of the record and the briefs submitted by the parties, the Court finds that the Commissioner's decision is due to be REVERSED and that this matter be REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

I.      PROCEDURAL HISTORY AND FACTS

Corey Tra Von Overton ("Overton") was born on August 4, 1989 and was 30 years old at the time of the administrative hearing held on October 24, 2018. (R. 28, 37.)[2] He has a 9th grade special education and has previously worked as a cook from August 2007 to October 2007 and as a dish washer from March 2008 to June 2008. (R. 150.) Overton alleges a disability onset date of June 8, 2008, due to attention-deficit/hyperactivity disorder ("ADHD"), post-traumatic stress disorder ("PTSD"), depression, insomnia, hypertension, alcohol abuse, vision problems, learning disorder, and language disorder. (R. 17, 149.)

On February 7, 2018, Overton filed an application for SSI under Title XVI of the Social Security Act, 42 U.S.C. § 1389, *et seq.* (R. 54-55.) Following an unfavorable initial determination on May 3, 2018 (R. 58-62), Overton filed a request for a hearing before an Administrative Law Judge ("ALJ") on May 25, 2018. (R. 64-66.) A video hearing was held on October 24, 2019. (R. 15.) Overton was absent from the hearing[3] and the ALJ issued a Notice to Show Cause for Failure to Appear on October 25, 2019. (R. 116-119.) On November 18, 2019, the Notice to Show Cause for Failure to Appear was returned to the agency unclaimed and unable to forward. (R. 123.) Overton filed a Request for Review of Hearing Decision on November 25, 2019. (R. 126-129.) The ALJ returned an unfavorable decision on November 29, 2019. (R. 15-22.) On July 8, 2020, the Appeals

---

[2] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (Doc. No. 16.)

[3] Overton alleges that he arrived fifteen minutes late due to transportation issues. (R. 122, 128.)

2

Council denied Overton's request for review. (R. 1-3.) The hearing decision subsequently became the final decision of the Commissioner.[4] Overton now seeks review of the Commissioner's final decision. (Doc. No. 1.)

## II.     STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence."  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence.  *Id*. at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210.   However, the Commissioner's conclusions of law are

---

[4] *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) ("When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision.")  (citation omitted).

not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.   STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security SSI must prove that he is disabled. *See* 20 C.F.R. § 416.920. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(3)(A); 20 C.F.R. § 416.905(a).

Disability under the Act is determined under a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920(a). The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 916.972(a). If the ALJ

4

finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.971. Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. Id. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, and 426.926. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.920(d).

If the claimant has failed to establish that he is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. § 416.920(f). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(g). In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 916.920(g). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number

of jobs in the national economy that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 416.912(b), 416.960(c).

## IV. ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ in this case found that Overton has not engaged in substantial gainful activity since February 7, 2018, the application date, and that he has the following severe impairments: hypertension, obesity, ADHD, PTSD, learning disorder, alcohol abuse, depression, and language disorder. (R. 17.) The ALJ concluded, however, that Overton's impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 416.925, and 416.926). (R. 18.)

After consideration of the entire record, the ALJ determined that Overton retains the RFC to perform light work[5] as defined in 20 C.F.R. § 416.967(b). (R. 19-21.) The ALJ found the following workplace limitations applicable to Overton:

> He can push and pull as much as he can lift and carry; he can occasionally climb ramps and stairs but should never climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; he should have no exposure to dangerous heights or moving parts; he is limited to simple and routine tasks; he can have occasional interaction with supervisors and the public; and he can tolerate few changes in a work setting.

(R. 19.)

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

The ALJ determined that transferability of job skills is not an issue because Overton does not have past relevant work. (R. 21.) Additionally, the ALJ found that Overton was considered a younger individual as defined in 20 C.F.R. § 416.963 and he has a limited education. (R. 21.) Based upon the testimony of the Vocational Expert ("VE"), the ALJ further found that Overton was not disabled as defined by the Act because his age, education, work experience, and RFC would allow him to make a successful adjustment to other work that exists in significant numbers in the national economy. (R. 21-22.) The ALJ concluded that Overton had not been under a disability, as defined in the Social Security Act, at any time since February 7, 2018, the date the application was filed. (R. 22.)

## V.   DISCUSSION

Overton presents four arguments on appeal. First, Overton argues that the ALJ violated his right to due process and statutory right to a hearing when the ALJ failed to review his showing of good cause for failure to appear and failed to schedule a supplemental hearing. (Doc. No. 14 at 1.) Second, Overton contends that the ALJ's determination of his RFC is inconsistent with the opinion of Dr. Michael Rosenbaum, a state agency psychologist. (*Id.*) Third, Overton asserts that the ALJ's determination of his RFC is not based on substantial evidence. (*Id.*) Fourth, Overton argues that the ALJ erred by failing to develop a full and fair record pursuant to 20 C.F.R. § 404.1512(d).

The Commissioner responds that Overton failed to show a harmful violation of due process. (Doc. No. 15 at 4-5.) Additionally, the Commissioner contends that Overton has not shown harmful error with respect to Dr. Rosenbaum's opinion. (*Id.* at 5-12.) The

Commissioner further argues that substantial evidence supports the ALJ's finding. (*Id.* at 12-13.) Finally, the Commissioner responds that the record is sufficient. (*Id.* at 14-15.)

The Court addresses the first issue and concludes that remand is necessary because Overton was deprived of his right to appear and testify at his hearing, and he was prejudiced as a result. Further, because Overton was not given an opportunity to testify in such a way that could potentially influence the ALJ's review of the medical evidence, remand on the first issue impacts each subsequent issue raised by Overton. Therefore, the Court finds it unnecessary to address the other issues on appeal. *See Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

Overton contends that the ALJ violated his right to due process and statutory right to a hearing. (Doc. No. 14 at 1.) Specifically, Overton argues that under 20 C.F.R. § 404.1765(m),[6] the ALJ should have given Overton an opportunity to show good cause for failure to appear, and that under HALLEX I-2-4-25(D)(2)(b), the ALJ failed to determine whether Overton constructively waived his right to a hearing. (*Id.* at 5-6.) He also asserts

---

[6] Pursuant to 20 C.F.R. § 404.1765(m),

> [i]f the representative or the other party to the hearing fails to appear after being notified of the time and place, the hearing officer may hold the hearing anyway so that the party present may offer evidence to sustain or rebut the charges. ***The hearing officer shall give the party who failed to appear an opportunity to show good cause for failure to appear.*** If the party fails to show good cause, he or she is considered to have waived the right to be present at the hearing. If the party shows good cause, the hearing officer may hold a supplemental hearing.

20 C.F.R. § 404.1765(m) (emphasis added).

that the ALJ did not offer Overton the opportunity to testify at a supplemental hearing. (*Id.* at 7.) In addition, Overton argues that under 20 C.F.R. § 404.950(a), "any party to a hearing has a right to appear before the ALJ, either in person or by video teleconferencing or telephone, to present evidence and to state his or her position" and that he was not granted that right. (Doc. No. 21 at 1-2.)

The Commissioner responds that Overton cannot rely on HALLEX because it is an agency handbook that cannot serve as a basis to remand; that, in any event, Overton failed to show nonconformance with HALLEX; and that even if Overton could show nonconformance with HALLEX and HALLEX could serve as a basis for remand, Overton does not show harmful error. (Doc. No. 15 at 4-5.)

The Court agrees with the Commissioner that an ALJ's violation of HALLEX cannot alone serve as grounds for remand.[7]  *See Clance v. Comm'r of Social Sec.*, No. 8:20–cv-557–T–SPF, 2021 WL 4129556, at *5 (M.D. Fla. Sep. 10, 2021) (noting that "violations

---

[7] HALLEX (the Hearing, Appeals, and Litigation Law manual) is the policy manual written by the Social Security Administration ("SSA") that conveys "guiding principles, procedural guidance and information to hearing level and Appeals Council staff." *Jasent v. Berryhill*, No. 8:17–cv–2925–T–30AEP, 2019 WL 298430, at *5 n.3 (M.D. Fla. Jan. 3, 2019) (citing HALLEX I-1-001). The Eleventh Circuit has indicated in several unpublished decisions that HALLEX does not create judicially enforceable rights, particularly where a plaintiff fails to establish prejudice. *McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599 (11th Cir. 2016) ("This Court has not decided whether HALLEX carries the force of law .... Even assuming (without deciding) that HALLEX carries the force of law and the agency failed to comply with it, [plaintiff] has not shown that she was prejudiced by this failure."); *Carroll v. Soc. Sec. Admin., Comm'r*, 453 F. App'x. 889, 892 (11th Cir. 2011) ("HALLEX is an agency handbook for the SSA not mentioned in § 405(g), so it cannot serve as the basis to remand [plaintiff's] case" especially in the absence of prejudice) (citing *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. Unit A Sept. 1981)); *George v. Astrue*, 338 F. App'x 803, 805 (11th Cir. 2009) ("[E]ven if we assume that ... HALLEX carries the force of law—a very big assumption—the ALJ did not violate it ....").

of HALLEX cannot serve as grounds for remand in and of themselves"). However, should the Court find that the Commissioner violated Overton's due process rights, remand is necessary. *See id*. ("The issue is whether these [HALLEX] violations prejudiced Plaintiff such that the Commissioner violated her due process rights."). Specifically, the Court must assess whether the ALJ complied with the Code of Federal Regulations and the SSA's requirements in ensuring the fundamental right of due process. The Court must then determine whether the ALJ's failure to comply with these regulations and requirements resulted in harmful prejudice.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976). After all, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). An administrative hearing must be fair to comply with due process requirements. *See Withrow v. Larkin,* 421 U.S. 35, 46 (1975).

In recognition of the necessity for fairness, Social Security Ruling[8] ("SSR") 79-19 established requirements for a valid waiver of personal appearance at a hearing. For

---

[8] "Social Security Rulings are agency rulings published under the authority of the Commissioner of Social Security ...." *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990). Although a federal court is not bound by Social Security Rulings, the SSA is bound. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1361 (11th Cir. 2018).

> This is not to say that [federal courts] are bound by agency rulings that interpret an agency's regulations. We are not. *B. B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981). But the Rulings are binding within the Social Security Administration. 20 C.F.R. § 402.35(b)(1) ("[SSA Rulings] are binding on all components of the Social Security Administration."). [Courts] require the agency to follow its regulations "where failure to enforce such regulations would adversely affect

example, the ruling provides the waiver of personal appearance must be in writing.  SSR 79-19, 1979 WL 15541 at *1 (S.S.A.1979).  SSR 79-19 further provides that the written waiver of personal appearance must show:

> 1. a thorough explanation of the hearing procedure has been given;
>
> 2. the right to personal appearance at the hearing to testify and present evidence has been explained;
>
> 3. an explanation has been given of the right to representation at the hearing by an attorney or other person of the individual's choice;
>
> 4. it has been explained that, in some cases, additional evidence obtained thorough oral testimony and personal presence before the presiding officer may be of value in evaluating the issues;
>
> 5. the individual has been advised that, if he or she does not appear, the claim will be decided solely on the written evidence then in file plus any additional evidence submitted by the individual or the representative or obstained by the hearing officer.
>
> 6. the individual has been advised that he or she may withdraw the waiver of the right to appear at the hearing at any time prior to mailing of the notice of the decision.

SSR 79-19, 1979 WL 15541, at *2-3.

In addition, the Social Security Act requires that a claimant receive "reasonable notice and opportunity for a hearing" before his claim for disability benefits can be denied.

---

'substantive rights of individuals.' " *First Ala. Bank, N.A. v. United States*, 981 F.2d 1226, 1230 n.5 (11th Cir. 1993) (quoting *Morton v. Ruiz*, 415 U.S. 199, 232, 94 S. Ct. 1055, 39 L. Ed. 2d 270 (1974)); *see also Romano-Murphy v. C.I.R.*, 816 F.3d 707, 720 (11th Cir. 2016); *Gonzalez v. Reno*, 212 F.3d 1338, 1349 (11th Cir. 2000) ("Agencies must respect their own procedural rules and regulations.").  This is the case even where ... "the internal procedures are more rigorous than otherwise would be required." *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981) (per curiam).

*Id.* (footnote omitted).

42 U.S.C.A. § 405(b)(1). The Secretary promulgates the regulations that implement the statutory right to appear, and these regulations provide that "any party to a hearing has a right to appear before the [ALJ], either in person or … by video teleconferencing or telephone, to present evidence and to state his or her position." 20 C.F.R. § 404.950(a). Failure to have an opportunity to be heard may lead to potential prejudice and may be cause for remand. *See Mitchell v. Berryhill*, No. 8:16–CV–1905–T–JRK, 2017 WL 4054509 (M.D. Fla. Sept. 14, 2017); *Fears v. Berryhill,* No. 6:16-CV-55, 2018 WL 1547365 (W.D. Va. Mar. 29, 2018); *Kelley v. Heckler,* 761 F.2d 1538, 1540 (11th Cir. 1985). To determine whether a claimant's absence at an administrative hearing is cause for remand, "a court must determine 1) whether the claimant validly waived the right to personal appearance; and 2) whether the claimant was prejudiced as a result." *Mitchell,* 2017 WL 4054509, at *3 (citing *Kelley,* 761 F.2d at 1540; *Hall,* 660 F.2d at 119). Importantly, a claimant's counsel or appointed representative's appearance at an administrative hearing on the claimant's behalf is not a sufficient waiver of a claimant's right to appear. *Fears v. Berryhill,* No. 6:16-CV-55, 2018 WL 1547365, at *3 (W.D. Va. Mar. 29, 2018).

Finally, "a showing of prejudice must be made before [a court] will find that a hearing violated claimant's rights of due process and requires a remand to the Secretary for reconsideration." *Kelley,* 761 F.2d at 1540 (citing *Smith v. Schweiker,* 677 F.2d 829 (11th Cir. 1982)). This requires a showing that "the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Id.* SSR 79-19 provides that "a disability issue may best be resolved on the basis of detailed

12

testimony as to the individual's activities, background, experience, etc., presented at the hearing. The presiding officer's personal observations of the appellant can also add additional weight to the medical evidence or other information of record." SSR 79-19, 1979 WL 15541, at *2.

    a.    No Valid Waiver

In this case, the administrative hearing was held on October 24, 2019. (R. 26.) Overton was not present at the hearing, but his non-attorney representative was present. (R. 28.) At the close of the hearing, Overton's representative informed the ALJ that Overton was not present and that she knew there was a possibility that he would not be able to make it to the hearing due to his size and his lack of transportation. (R. 34.) The representative asked the ALJ to issue a Notice to Show Cause for Overton's failure to appear should he not find for Overton. (R. 35.) The ALJ agreed, stating "what I'm going to do in this case is I'm going to go ahead [and enter] a Notice to Show Cause to claimant .…" (R. 35.) On October 25, 2019, the ALJ sent a Notice to Show Cause to Overton, but it was ultimately returned to the Social Security administration as "unclaimed" or "unable to forward." (R. 123.) While the Notice to Show Cause indicated that a courtesy copy was sent to Overton's representative, the record does not reflect that a copy was ever sent or received. Overton's representative provided an affidavit which attests that she never received a copy of the Notice to Show Cause and, nine days before the ALJ issued a decision, she wrote a letter to the ALJ stating that Overton attempted to attend the hearing but was late due to transportation issues. (R. 124.) On November 29, 2019, the ALJ issued an unfavorable decision in which he neither considered Overton's reasons for failure to

13

appear at the hearing, nor provided Overton the opportunity to testify at a supplemental hearing. (R. 12-22.)

The Court finds no valid waiver of Overton's right to personal appearance at the hearing. The record before the Court does not contain a written and signed waiver of personal appearance as required by SSR 79-19. The ALJ failed to determine whether Overton waived his right to a hearing and the appearance of Overton's representative alone was not a sufficient waiver of his right to appear. *Fears,* 2018 WL 1547365, at *3. Additionally, a federal court may only defer to an ALJ's credibility determination where the ALJ actually "had the opportunity to personally observe the claimant at the hearing." *See Brown v. Barnhart*, 298 F. Supp. 2d 773, 793 (E.D. Wis. 2004). Because Overton did not waive his right to appear at his hearing, and because the ALJ did not show that he reviewed Overton's reasons for his failure to appear, the first component in determining whether a case may be remanded based on the claimant's absence at the administrative hearing is satisfied. Overton did not validly waive his right to personal appearance.

Regarding Overton's argument that the ALJ did not comply with the HALLEX I–2–4–25(D)(2)(b), this Court is not convinced that this HALLEX provision applies here. This provision governs when "an appointed representative appears at the scheduled hearing without the claimant and continues to represent the claimant during the hearing" and the claimant has "constructively waived the right to appear at the hearing if: the representative is unable to locate the claimant; the Notice of Hearing was mailed to the claimant's last known address; *and* the agency has followed the contact procedures required by 20 CFR 404.938 and 416.1438." HALLEX I–2–4–25(D)(2). That was not the situation here as

"[Overton's] location was known, but [he] was unable to attend the hearing due to circumstances apparently beyond his control." *Mitchell*, 2017 WL 4054509 at *5. (*See* R. 128.)

    b.    Prejudice Resulted

The Court next turns to the question of whether Overton was prejudiced by his absence from the administrative hearing. Overton must show that the ALJ did not have all of the relevant evidence before him in the record, including relevant testimony from Overton, or that the ALJ did not consider all of the evidence in the record in reaching his decision. *Kelley,* 761 F.2d at 1540. Because SSR 79-19 provides that a claimant's testimony at the hearing as to his background, activities, and experience may be the best avenue for resolving a disability issue, and that a hearing officer's personal observations of the claimant can add weight to the medical evidence, it is important that a claimant be given the opportunity to be heard. Here, the ALJ's failure to obtain a valid waiver of personal appearance prejudiced Overton. After reviewing the evidence in the record, the ALJ found that Overton's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Overton's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record …." (R. 20.) Yet, the ALJ did not question Overton about the statements he deems "not entirely consistent" with the record because Overton was not present at the hearing. Instead, the ALJ relies heavily on what was found in the medical record. Further, the ALJ's RFC determination regarding Overton's ability to work for long periods of time without breaks

and ability to stand and concentrate could have also been addressed with Overton during the hearing. Had Overton attended the hearing, he would have had an opportunity to address inconsistencies and testify as to his ability to work for long periods of time and his ability to concentrate. Thus, this Court finds that Overton was prejudiced as a result of his absence from the administrative hearing.

Because there was no valid written waiver of Overton's personal appearance and his absence at the hearing resulted in prejudice, the ALJ committed reversible error. Until Overton is able to appear before the ALJ in compliance with 20 C.F.R. § 404.950(a) or provide a written waiver as required by SSR 79-19, it is premature for this Court to review the ALJ's determinations on the medical opinion of Dr. Rosenbaum, Overton's RFC, or the development of the record.

## VI. CONCLUSION

For the foregoing reasons, the Court finds that the decision of the Commissioner is not in accordance with applicable law nor supported by substantial evidence. Therefore, it is hereby

ORDERED that the decision of the Commissioner is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is REMANDED for further proceedings consistent with this opinion.

A separate judgment will be issued.

DONE this 28th day of March, 2022.

*Jerusha J. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE